IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. VIOLETA P.,[1]<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:26-CV-0325-S-BV |
| FRANK BISIGNANO,<br>Commissioner of Social Security,<br>Defendant. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff, proceeding pro se, initiated this action by filing a "Petition for Writ of Mandamus and Declaratory Judgment." Dkt. No. 3. She complains that the Social Security Administration (SSA) has failed to act on her requests for reconsideration and appeals of her "incorrectly calculated" retirement benefits. *Id.* at 4. For the reasons explained below, the undersigned magistrate judge **RECOMMENDS** that the United States District Judge grant the Commissioner's motion and dismiss Plaintiff's petition because she has not exhausted her administrative remedies as is required to obtain judicial review under 42 U.S.C. § 405(g) and mandamus relief.

**1. Plaintiff claims that her initial benefits determination was incorrect.**

In 2015, while Plaintiff was still working, she received a social security statement reflecting her anticipated retirement benefits of about $780 per month. Dkt. No. 3 at 2. Sometime thereafter, she received another statement reflecting a decrease in that amount,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies Plaintiff only by first name and last initial. Under Special Order 3-350, this case was automatically referred to the undersigned magistrate judge. Dkt. Nos. 1, 9.

but she is unaware of any justification for the decrease. *Id.* She continued working until 2020 and applied for Title II retirement benefits on July 20, 2022. *Id.*; Dkt. No. 13-1 at 2.

Plaintiff was awarded benefits on October 2, 2022, but the amount was lower than what was indicated in previous statements. Dkt. Nos. 3 at 2–3; 13-1 at 2; 13-2 at 4. Plaintiff consulted various SSA staff and concluded that her benefits were incorrectly calculated. Dkt. No. 3 at 2–3. She filed a request for reconsideration, which was denied. Dkt. No. 13-2 at 7. She filed additional requests for reconsideration, requested a hearing, and submitted a waiver to appear before an Administrative Law Judge (ALJ). Dkt. Nos. 3 at 2–3, 20; 13-2 at 17. Plaintiff alleges that she has not yet received a hearing, a decision from an administrative law judge (ALJ), or a decision by the Appeals Council. Dkt. Nos. 3 at 2–3; 13-1 at 2; 17 at 3.

Plaintiff asks the Court to order the SSA to: (1) recalculate her benefits; (2) approve what she believes is the correct monthly benefits amount; and (3) retroactively pay the benefits to which she is entitled. Dkt. No. 3 at 3.

**2. The Commissioner opposes Plaintiff's request for relief.**

The Commissioner seeks dismissal of this action, arguing that there has been no decision from an ALJ or a final decision from the Commissioner, as is required to obtain judicial review under § 405(g). Dkt. No. 13-1 at 4. The Commissioner also claims that "[t]o the extent Plaintiff disagrees with the agency's recalculation of her retirement benefits, [her] dispute is being addressed within the administrative process," which "precludes mandamus relief." *Id.* The Commissioner argues that "Plaintiff has not demonstrated that the Court should waive the exhaustion requirement." *Id.* at 8.

Attached to the Commissioner's motion is a declaration by the Office of Disability Adjudication and Review of the SSA, along with some relevant documents in the record. Dkt. No. 13-2; *see also* Dkt. No. 13-1 at 1–2, 6–8 (arguing the failure to exhaust).

Plaintiff agrees that there has been no final decision from the Commissioner, the Appeals Council, or a decision by an ALJ in this case. Dkt. No. 17 at 2–3. But she claims that mandamus relief is appropriate because her situation has not yet been addressed, despite that her hearing request has been pending for over three years. *See id.*

**3. The Court should analyze the Commissioner's motion under Rule 12(b)(1).**

The Commissioner seeks dismissal under Fed. R. Civ. P. 12(b)(6). Dkt. No. 13. However, "the bulk of recent social security opinions in this circuit addressing similar issues have evaluated failure to exhaust administrative remedies under Rule 12(b)(1)." *Ransom v. Comm'r, SSA*, No. 4:19-CV-00709-CAN, 2020 WL 5632683, at *1 (E.D. Tex. Sep. 21, 2020) (collecting cases); *see Garber v. O'Malley*, No. 4:23-CV-190-ALM-KPJ, 2024 WL 898913, at *4 (E.D. Tex. Feb. 13, 2024) (observing that a failure to exhaust administrative remedies "implicates the Court's subject matter jurisdiction"), *R. & R. adopted by* 2024 WL 897599 (E.D. Tex. Mar. 1, 2024). Accordingly, the undersigned considers the Commissioner's motion under Rule 12(b)(1). *See also* Fed. R. Civ. P. 12(h)(3) (stating that if a court determines that it lacks subject-matter jurisdiction, it must dismiss the action").

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). They have a duty to examine their own

subject-matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[A]bsent jurisdiction conferred by statute, [federal courts] lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

In general, federal courts may only consider a case if it involves a question of federal law or when diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332 (setting out federal-question and diversity bases for jurisdiction). Where "the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (internal quotation marks and citation omitted). A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

The district court may dismiss for lack of subject-matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. May 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, accepted as true,

sufficiently state a basis for subject-matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981). If sufficient, those allegations provide jurisdiction. *Id.* Facial attacks are typically made early in the proceedings. *Id.*

However, if the defendant supports the motion with evidence, the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413 (citation omitted). A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

**4. Plaintiff fails to show that this Court has jurisdiction over her claim.**

**A. The Court lacks jurisdiction to review Plaintiff's claim under § 405(g).**

"A Social Security claimant must exhaust administrative remedies before seeking review in federal court." *Caesar v. Barnhart*, 191 F. App'x 304, 304 (5th Cir. 2006) (per curiam) (citing *Sims v. Apfel*, 530 U.S. 103, 107 (2000)). "[A]ny challenge to benefits determinations . . . is generally subject to the administrative review process and judicial review only after a final decision pursuant to 42 U.S.C. § 405(g)." *Abelenda v. Soc. Sec. Admin.*, No. 4:24-CV-4708, 2026 WL 622722, at *3 (S.D. Tex. Mar. 5, 2026) (citation omitted).

The Court's jurisdiction to review "claims arising under the Social Security Act is defined in 42 U.S.C. §§ 405(g) and (h)." *Chambers v. Kijakazi*, 86 F.4th 1102, 1106 (5th Cir. 2023). "Section 405(h) 'largely curtail[s]' jurisdiction: it explains that 'no findings

of fact or decision of the Commissioner of Social Security shall be reviewed . . . except as [provided in § 405(g)].'" *Id.* (alterations in original) (quoting *In re Benjamin*, 932 F.3d 293, 296 (5th Cir. 2019)). "Section 405(h) purports to make exclusive the judicial review method set forth in § 405(g)." *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000).

Under § 405(h):

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as [provided in § 405(g)]. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

§ 405(h). The second sentence of § 405(h) "channels claims challenging a certain type of agency decision . . . into § 405(g)" and "ensures that § 405(g) is the sole jurisdictional avenue for the channeled claims." *In re Benjamin*, 932 F.3d at 300. And "§ 405(h)'s second sentence applies only where the would-be plaintiff is challenging a decision regarding h[er] entitlement to benefits." *Id.* at 301. Thus, "where an individual is not challenging a decision regarding h[er] entitlement to benefits made after an application for payment and therefore not receiving the statutorily-prescribed hearing under subsection (b)(1)," the "claim never gets channeled under § 405(h)'s second sentence or reviewed by a court under § 405(g)." *Id.* (emphasis omitted).

Here, Plaintiff is challenging her initial benefits determination, which she says was "incorrectly calculated . . . [in the] amount of $391.60." Dkt. No. 3 at 2, 13 (attaching

social security notice of award). Thus, this Court's jurisdictional authority stems from 42 U.S.C. §§ 405(g) and (h). *Chambers*, 86 F.4th at 1106.

The Fifth Circuit has explained that:

> [Section 405(g)] calls for judicial review only after a "final decision of the Commissioner of Social Security." This necessitates administrative exhaustion, which generally requires claimants to first "proceed through a four-step process before they can obtain review from a federal court": (1) an initial determination regarding eligibility; (2) reconsideration of the initial determination; (3) request for a hearing, conducted by an [ALJ]; and (4) review of the ALJ's decision by the Appeals Council.

*Id.* (quoting *Smith v. Berryhill*, 587 U.S. 471, 475 (2019)). Section 405(g) has two elements: "first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted.'" *Smith*, 587 U.S. at 478 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). "The nonjurisdictional element of administrative exhaustion may either be waived by the agency or, in exceptional cases, by the courts." *Chambers v. Berryhill*, No. 3:19-CV-1062-K-BH, 2020 WL 5099829, at *5 (N.D. Tex. Aug. 12, 2020) (citing *Eldridge*, 424 U.S. at 330), *R. & R. adopted by* 2020 WL 5094684 (N.D. Tex. Aug. 29, 2020), *aff'd*, 86 F.4th 1102 (5th Cir. 2023).

Plaintiff concedes that she has not yet received a decision from an ALJ or a final decision from the Appeals Council. Dkt. Nos. 3 at 2–3; 17 at 3. Thus, this matter is still pending at the administrative level, and the Court lacks jurisdiction to review Plaintiff's claim under § 405(g). *See Chambers*, 86 F.4th at 1106 (finding that plaintiff "ha[d] not met his burden in demonstrating administrative exhaustion" as was required to obtain judicial review under § 405(g)).

**B. Plaintiff has not shown that the Court should waive the administrative exhaustion requirement.**

A court may excuse the administrative-exhaustion requirement in "exceptional cases." *Chambers*, 2020 WL 5099829, at *5. "The Supreme Court has approved three factors to consider in waiving the exhaustion requirement: (1) whether a claim is collateral to a demand for benefits, (2) whether exhaustion would be futile, and (3) whether the harm suffered pending exhaustion would be irreparable." *Id.* at *6; *see also Eldridge*, 424 U.S. at 330–32. The Commissioner's motion makes it clear that the SSA is not waiving the administrative exhaustion requirement in this case, and the undersigned finds that waiver is not appropriate here, as Plaintiff has not established any of the three factors.

For a claim to be collateral, "the claim must seek some form of relief that would be unavailable through the administrative process." *Fam. Rehab., Inc. v. Azar*, 886 F.3d 496, 502 (5th Cir. 2018). Plaintiff's substantive and only claim is that her benefits determination is incorrect, so there is no collateral claim. *See* Dkt. No. 3. She also fails to show any threat of irreparable harm or futility. *See Chambers*, 2020 WL 5099829, at *7 (observing that "[f]rustration with the administrative process does not confer subject matter jurisdiction[,] and a plaintiff must still "present proof that ultimate award of retroactive payments w[ould] not remedy the wrongful decisions [s]he allegedly suffered" *Id.* (citation omitted); *see Chamberlain v. Barnhart*, 382 F. Supp. 2d 867, 873 (E.D. Tex. 2005) (explaining that "if the agency's wrongful decision can be rectified with retroactive payments, the claim presents no danger of irreparable harm or futile pursuit of

administrative remedies" (citing *Eldridge*, 424 U.S. at 330–32)); *Mack v. Astrue*, No. 09-3337, 2010 WL 2218239, at *4 (S.D. Tex. May 14, 2010) (same), *R. & R. adopted by* 2010 WL 2218227 (S.D. Tex. June 2, 2010).

Additionally, there is evidence that Plaintiff's requests are not being ignored. On October 23, 2023, the SSA sent a letter explaining why the initial benefits determination was correct and denying the request for reconsideration. Dkt. No. 13-2 at 7–11. And in January 2024, the Office of Hearing Operations advised that Plaintiff's hearing request is pending. Dkt. No. 17 at 12. In sum, although the process is taking longer than Plaintiff would prefer, she has not demonstrated that the Court should waive the exhaustion requirement.

**C. Plaintiff has not shown that she is entitled to mandamus relief.**

Plaintiff asserts that the Court has subject-matter jurisdiction under 28 U.S.C. § 1361, which provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The writ of mandamus is an order directing a public official or public body to perform a duty exacted by law." *United States v. Denson*, 603 F.2d 1143, 1146 (5th Cir. 1979). Mandamus is an extraordinary remedy that "may only issue when (1) the plaintiff has a clear right to relief, (2) the defendant a clear duty to act, and (3) no other adequate remedy exists." *Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011). "The third element . . . requires the exhaustion of any adequate administrative remedies before a court may issue mandamus." *Id.* (citation omitted). "Ordinarily mandamus may not be resorted to as a

mode of review where a statutory method of appeal has been prescribed." *Id.* (alteration omitted) (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 27–28 (1943)). And "[e]ven when a court finds that all three elements are satisfied, the decision to grant or deny the writ remains within the court's discretion because of the extraordinary nature of the remedy." *Id.*; *see Denson*, 603 F.2d at 1146 ("The Supreme Court has repeatedly stated in general terms that issuance of a writ of mandamus lies in large part within the discretion of the court." (collecting cases)).

Plaintiff "has not met the threshold showing that [s]he has a 'clear right to relief' for which 'no other adequate remedy exists'—in no small part because mandamus also requires administrative exhaustion." *Chambers*, 86 F.4th at 1107 (quoting *Wolcott*, 635 F.3d at 768); *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (determining that the district court did not err in dismissing complaint in deciding that no writ of mandamus could issue because appellants had an adequate remedy under § 405(g)). "An alternative remedy, including an administrative remedy, is adequate if it is 'capable of affording full relief as to the very subject matter in question.'" *Wolcott*, 635 F.3d at 768 (quoting *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969)). Here, Plaintiff complains that her initial benefits determination was incorrectly calculated—an injury that can be remedied if an ALJ agrees with her position or if she is successful in her administrative appeal. Thus, Plaintiff has not demonstrated that she is entitled to mandamus relief.

**5. The district judge should grant the Commissioner's motion to dismiss.**

Based on the foregoing, the undersigned recommends that the United States District Judge grant the Commissioner's motion to dismiss under Rule 12(b)(1) and

dismiss Plaintiff's complaint and all claims therein for lack of subject-matter jurisdiction. Considering this recommendation, the undersigned further recommends that the district judge deny as moot Plaintiff's motion to proceed *in forma pauperis* (IFP), Dkt. No. 4, and Plaintiff's request for a hearing. Dkt. No. 7.

**6. The parties have a right to object.**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)

Dated: June 30, 2026.

Amy Burch

**AMANDA 'AMY' R. BURCH**
**UNITED STATES MAGISTRATE JUDGE**